## GEORGE D. LANSING *et al. vs.* LENA CAMPBELL.

### JUNE 12, 1917.

*Mechanics' Liens. Original Excavation. Mortgages.*

Excavation of a cellar was made in September, 1912; the stone work was not done until the following spring. October 15 a mortgage of the premises was executed and recorded November 6. Thereafter petitioner furnished materials in the building of the house.

*Held*, that the excavation of the cellar was constructive notice to all persons who might acquire any interest in the property that liens for labor and materials to be used in the construction of the building might attach and become entitled to priority, and as it appeared that there was no change of plan as to construction of the house upon the cellar and no abandonment of the work commenced by the excavation of the cellar, but simply delay in final completion of the foundation, the lien of petitioner for materials was entitled to priority over the mortgage.

### RESCRIPT.

The justice before whom the above entitled lien petition was tried in the Superior Court has found as a matter of fact in his decree entered on the 10th day of November, 1916, that the petitioners did at the time of foreclosure of the mortgage held by George M. Hamlen have a mechanics' lien upon the premises described in the petition to the extent of $224.49 for materials furnished for the construction of a house on said premises; the decree also finds that George M. Hamlen, at the time of foreclosing the mortgage, was not chargeable with notice of said mechanics' lien, and that the

mortgage owned by Hamlen consitutes a prior lien or claim against the property described and takes precedence of the petitioners' claim.

From this decree the petitioners have taken their appeal and duly prosecuted it to this court; no appeal was taken by any other party.

The petitioners' reasons of appeal simply raise the question of priority as between the mechanics' lien and the mortgage lien, and that is the only question now before this court.

The trial judge found as a matter of fact that the excavation of the cellar, upon which the house was afterwards built, was made in September, 1912, while the property was owned by C. E. Barney Co.; that the stone work was not done until the following spring; and there was evidence from which he could so find and no evidence to the contrary was introduced.

It further appears that after the excavation for the cellar was made, to wit, on the 15th day of October, 1912, the C. E. Barney Co. sold the lot to Lena Campbell; that she executed a mortgage thereon on the same day to C. Edward Barney; that on November 4, 1912, the said mortgage was transferred to George M. Hamlen, and that said deed and mortgage were recorded November 6, 1912.

It thus appears that the mortgage lien originated subsequent to the excavation of the cellar which was the beginning of the work of construction which was afterward carried out in the building of the house, with materials furnished by the petitioner (Gen. Laws, R. I. 1909, cap. 257, § 1).

The case is ruled by the case of *Bassett* v. *Swarts*, 17 R. I. 215; the excavation of the cellar was "constructive notice to all persons who may purchase the property, or may acquire any interest in it, that liens for labor and materials to be used in the construction of the building may attach and become entitled to priority." (*Bassett* v. *Swarts, supra*, p. 218.)

There was no evidence of any abandonment of the work of construction; there was simply a delay in the final completion of the foundation after the excavation of the cellar had been made; it is a fair inference from the testimony that the C. E. Barney Co., in 1912–1913, through C. Edward Barney as its agent, was engaged in the sale and development of lots upon the plat in Norwood, Warwick, R. I., entitled "Commonwealth Plateau," and that the cellar which was excavated on the lot herein refered to, before it was sold to Lena Campbell, was one of a number of such operations upon said plat then being carried on with a view to sale of lots and building houses thereon for purchasers; for it appears that the first delivery of materials for the building of the house on this lot was made January 16, 1913, by the petitioners at the order of C. Edward Barney who was acting as agent for the owner of the lot in building the house thereon after the sale of the lot to her, and that delivery of materials for use on this lot by the petitioners upon Barney's order was continued through January, February, March and April, 1913, and up to May 2, 1913, and that notice of petitioners' lien claims was duly filed and notice given May 14, 15, 1913. It appears therefore that there was no change of plan as to construction of the house upon the cellar which was excavated in September, 1912, and no abandonment of the work which was commenced by said excavation.

We are of the opinion that the trial judge was clearly in error, under the case of *Bassett* v. *Swarts, supra,* in his decree that George M. Hamlen was not chargeable with notice at the time of purchasing said mortgage, and in decreeing priority to the mortgage lien.

The petitioners' appeal is sustained; the decree of the Superior Court appealed from, so far as it decrees priority to the mortgage lien and awards costs to the said Fred M. Hamlen, Executor, is reversed; the petitioners are entitled to have a decree in their favor for the sum of $224.49, as

found by the decree, with interest from May 15, 1913, and for costs; and also that their lien is entitled to priority.

A decree in accordance herewith may be submitted for our approval on Monday, June 18th, 1917, at ten o'clock in the forenoon.